IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAWANA ENGLAND-WHALEY and
WHALEY CONSTRUCTION, INC.                                    PLAINTIFFS


vs.                      CASE No. 04-6128


LAKE HAMILTON SCHOOL DISTRICT;
RALPH PINKERTON, Individually and
as President of Lake Hamilton School
Board; GARY MCGREW, Individually and
as Vice President of the Lake Hamilton
School Board; MARK CURRY, Individually
and as Secretary of the Lake Hamilton
School Board; DON HENSON; Individually
and as Member of the Lake Hamilton
School Board; DON SMITH, Individually
and as Member of the Lake Hamilton
School Board                                    DEFENDANTS/THIRD
                                                PARTY PLAINTIFFS
vs.

PATRICK M. MCGETRICK, MCGETRICK
and MCGETRICK, INC.                             THIRD PARTY DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case stems from Plaintiffs' claim that Defendants violated their civil rights in discriminating against them because of Lawana England-Whaley's gender. There comes on for consideration today the Motion for Summary Judgment (Docs. 27-29) filed by Defendants/Third Party Plaintiffs Lake Hamilton School District; Ralph Pinkerton, Individually and as President of Lake Hamilton School Board; Gary McGrew, Individually and as Vice President of the Lake Hamilton School Board; Mark Curry, Individually and as Secretary of the Lake Hamilton School Board; Don Henson, Individually and as Member

of the Lake Hamilton School Board; and Don Smith, Individually and as Member of the Lake Hamilton School Board (collectively, Lake Hamilton Defendants). Also before the Court is a supplement filed by the Lake Hamilton Defendants (Doc. 31), Plaintiffs' Response (Docs. 41-42 & 44-46) and the Lake Hamilton Defendants' Reply (Docs. 47-48). Further before the Court is a Motion to Dismiss filed by Third Party Defendants Patrick M. McGetrick and McGetrick and McGetrick, Inc. (McGetrick Defendants) (Docs. 34-35) and the Lake Hamilton Defendants' Response (Docs. 39-40).

The Lake Hamilton Defendants contend Plaintiffs' claims should be dismissed as Plaintiffs have no proof of discriminatory intent on the part of the Lake Hamilton Defendants, either individually or in their official capacity. The McGetrick Defendants contend the Third Party Complaint should be dismissed for failure to state a claim upon which relief can be granted. For the reasons that follow, we determine the Lake Hamilton Defendants' motion (Doc. 27) is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. Further, the McGetrick Defendants' motion (Doc. 34) is GRANTED and the Third Party Complaint is DISMISSED WITH PREJUDICE.

**A.  Background**

Plaintiff, Whaley Construction, Inc. is an Arkansas corporation and construction company. Plaintiff, Lawana

England-Whaley is a female and President of Whaley Construction. Plaintiffs filed their complaint under 42 U.S.C. § 1983 and the Equal Protection clause contending that the Lake Hamilton Defendants violated their civil rights by rejecting two construction bids by Whaley Construction on an athletic field project for the school district.

The Lake Hamilton Defendants admit that Whaley Construction's bids on the project were rejected and that the project was awarded to another contractor. However, the Lake Hamilton Defendants deny that the rejection of the bids had anything to do with the gender of Ms. England-Whaley. Further, the Lake Hamilton Defendants contend there were legitimate, non-discriminatory reasons for rejecting Whaley Construction's bids; *i.e.*, it did not have sufficient references or past work experience and was not qualified for the project.

Muriel Lewis, an architect, was retained by the School Board to design a plan for the project. Upon his recommendation, the School Board approved the plan and authorized McGetrick and McGetrick to begin the bidding process. During the first round of bidding, Plaintiffs submitted the lowest bid, and Mr. Lewis requested that Mr. McGetrick inquire about the history and experience of Whaley Construction in similar projects. According to Mr. Lewis,

Plaintiffs failed to demonstrate they were qualified for the project; therefore, he never recommended Plaintiffs' bid to the School Board for approval. Instead, Mr. Lewis recommended to the School Board that all three bids be rejected, and that the entire project be rebid. (Doc. 31). The project was rebid, but Whaley Construction was not the low bidder and the project was awarded to another contractor.

**B. Discussion**

In their Motion for Summary Judgment (Doc. 27), the Lake Hamilton Defendants ask the Court to grant summary judgment as to Plaintiffs' gender discrimination claim based upon 42 U.S.C. § 1983 and the Equal Protection clause of the United States Constitution. While the Lake Hamilton Defendants do not premise their motion on qualified immunity, they have alleged qualified immunity on behalf of the Defendant School Board members in their answer to Plaintiffs' Complaint. (Doc. 3, ¶12). To the extent the Lake Hamilton Defendants have not moved for summary judgment based upon qualified immunity, the Court will consider the issue *sua sponte*.[1]

In determining whether summary judgment is appropriate,

---

[1] *See Doyle v. Coombe,* 976 F.Supp. 183 (W.D.N.Y. 1997)(finding claims partially barred by qualified immunity thus invoking inherent power to grant summary judgment *sua sponte* though defendants failed to raise qualified immunity as a basis for summary judgment) *citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) and *Project Release v. Prevost*, 722 F.2d 960 (2d Cir. 1983)("[a] court may grant summary judgment *sua sponte* when it is clear that a case does not present an issue of material fact").

4

the Court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986).

**Individual Capacity Claims - Qualified Immunity**

Public officials, such as governors, prison officials, parole board members, police officers and school board members who exercise some discretionary functions while carrying out their executive duties may have available qualified immunity from § 1983 actions. Qualified immunity shields defendants "[f]rom liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

In order for Plaintiffs to survive summary judgment on qualified immunity grounds, the evidence when viewed most favorable to Plaintiffs, must (1) allow a reasonable fact finder to conclude that the individual board members engaged in a course of conduct that violated Plaintiffs' clearly established constitutional rights; and (2) show that no reasonable official could have thought that such a course of

conduct was lawful. *See Hudson v. Norris*, 227 F.3d 1047 (8th Cir. 2000). In other words, the Court must find that Plaintiffs have alleged the deprivation of a constitutional right and that the right was clearly established at the time of the violation. *Tlamka v. Serrell*, 244 F.3d 628 (8th Cir. 2001). For the reasons discussed below, the Court can not conclude that a jury could reasonably conclude that the individual School Board members' alleged conduct violated Plaintiffs' clearly established rights.[2]

The issue of qualified immunity is normally limited to whether the defendant official knew or should have known that his or her conduct violated the plaintiff's constitutional rights. However, in cases where intent is an element of the plaintiff's claim, the plaintiff must produce evidence of the official's subjective intent to violate her constitutional rights to avoid summary judgment on qualified immunity grounds. *See Wright v. South Arkansas Regional Health Center, Inc.*, 800 F.2d 199 (8th Cir. 1986). Therefore, to avoid dismissal on qualified immunity grounds, Plaintiffs must produce some evidence that the School Board members intentionally discriminated against them based on gender.

---

[2] The liability of Separate Defendant Lake Hamilton School District is addressed later in this opinion as the doctrine of qualified immunity is not a defense to the school district's liability. *See Owen v. City of Independence*, 445 U.S. 622 (1980).

Plaintiffs claim that their equal protection rights were violated, in that they were discriminated against in public employment on the basis of gender. Gender is a suspect classification under the Equal Protection clause. *See Knapp v. Hanson*, 183 F.3d 786 (8th Cir. 1999). Clearly, the School Board members would have known that when it made a hiring decision that Plaintiffs had a clearly established constitutional right to be free of gender discrimination. The remaining question is whether the Board's conduct violated this well-established right.

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly-situated people alike. *See Ellebracht v. Police Bd. Of Metropolitan Police Dept. of City of St. Louis*, 137 F.3d 563 (8th Cir. 1998)(citation omitted). Thus, the threshold inquiry in an equal protection case is whether the plaintiff is similarly situated to others who allegedly received preferential treatment. *See Domina v. Van Pelt*, 235 F.3d 1091 (8th Cir. 2000)(citation omitted). Assuming that Plaintiffs were similarly situated to the company that received the job, which Plaintiffs have not shown, we must determine whether there is sufficient evidence to demonstrate that the decision to reject Plaintiffs' bid was made on the basis of Ms. England-Whaley's gender.

In presenting a case of gender discrimination, a plaintiff may present either direct evidence as set forth in *Price-Waterhouse v. Hopkins*, 490 U.S. 228 (1989) or utilize the burden shifting analysis described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The parties do not indicate which test the Court should use in this case. While the Court believes Plaintiffs' attempt to establish direct evidence fails, it will analyze Plaintiffs' gender discrimination claim under both tests.

Under the familiar three-step analysis in *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. Once a prima facie case is established, a rebuttable presumption shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the employer articulates such a reason, the presumption disappears and the plaintiff bears the burden of proving that the employer's proffered reason is merely a pretext for discrimination. *See Cronquist v. City of Minneapolis*, 237 F.3d 920 (8th Cir. 2001)(citation omitted).[3]

---

[3] While a Title VII analysis is not always identical to a constitutional analysis, the Eighth Circuit has applied the *McDonnell Douglas* analysis to a claim of employment discrimination under 42 U.S.C. § 1983 as a violation of the Fourteenth Amendment. *See Richmond v. Board of Regents of Univ. of Minn.*, 957 F.2d 595(8th Cir. 1992).

To establish a prima facie case, Plaintiffs must show: (1) they belonged to a protected class; (2) they applied and met the minimum qualifications for the job; (3) they were rejected; and (4) the defendants hired a similarly qualified applicant who was not a member of the protected group. *See Peterson v. Scott County*, 406 F.3d 515 (8th Cir. 2005). There is no dispute that Plaintiffs submitted bids on the project, both bids were rejected, and another company was hired. However, to establish a prima facie case, Plaintiffs must show that they were qualified for the job.

Plaintiffs submitted affidavits of Plaintiff Lawana England-Whaley and her husband, Jay Whaley, both stating that Ms. England-Whaley "prepared a bid packet to be submitted to the school, which included all necessary documentation demonstrating Whaley Construction, Inc.'s qualifications. Specifically, the bid packet included documentation showing that the company was properly bonded and licensed by the State of Arkansas." (Docs. 45-46, ¶2). These conclusory statements by Ms. England-Whaley and her husband are not sufficient to establish that Plaintiffs were qualified for the job. Further, Plaintiffs offer no evidence that the defendants ultimately awarded the project to someone similarly situated to Plaintiffs and outside of the protected group.

Accordingly, the Court finds that Plaintiffs cannot establish a prima facie case.

Even if Plaintiffs were able to establish a prima facie case, the School Board members may rebut the presumption by presenting evidence that Plaintiffs were rejected, or that someone else was preferred, for a legitimate, nondiscriminatory reason. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The School Board members have met this burden. Each of the School Board members, as well as Muriel Lewis and Barbara Wood, the Superintendent of the Lake Hamilton School District, provided affidavits stating that they were not aware that a female was the president of Whaley Construction at the time Plaintiffs' bids were rejected and Plaintiffs have provided no proof to the contrary. (Doc. 27, Exs. 3-7, 9, Doc. 31, Ex. 8). Each School Board member explained, in their affidavits that: (1) Muriel Lewis was retained to handle the bidding process and to make a recommendation to the School Board as to who to award the contract for the project; (2) the reason that Whaley Construction, Inc's bid was not accepted was because Mr. Lewis could not recommend it to the School Board because he lacked adequate knowledge and information about Whaley Construction, Inc. and its qualifications; and (3) that the School Board members knew nothing about Whaley Construction, Inc. or its

qualifications. (Doc. 27, Exs. 3-7). This evidence is clearly sufficient to rebut the presumption of discrimination that would be created if Plaintiffs were able to establish a prima facie case.[4]

The burden shifts back to Plaintiffs to establish the existence of facts which if proven at trial would permit a jury to conclude that the defendants' reasons are pretextual and that intentional discrimination was the true reason. The only evidence submitted by Plaintiffs in this regard is a statement from Jay Whaley that Mr. McGetrick told him that the School Board rejected Plaintiffs' bids because they did not think Plaintiffs were qualified as Ms. England-Whaley was female. (Doc. 46, ¶3). Plaintiffs' bald assertions are

---

[4] "The *McDonnell Douglas* framework only shifts the burden of production; the burden of persuasion rests at all times with the plaintiff." *Dammen v. UniMed Medical Center*, 236 F.3d 978 (8th Cir. 2001). "This burden [of production] is not onerous, and the explanation need not be demonstrated by a preponderance. The defendant need not persuade the court that it was actually motivated by the proffered reasons. Rather, it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against plaintiff that would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus. If the defendant offers a facially nondiscriminatory explanation, regardless of its persuasiveness, the presumption in plaintiff's favor evaporates and it is left for the trier of fact to determine whether the plaintiff has proven that the defendant's action was motivated by discrimination." *McCullough v. Real Foods, Inc.*, 140 F.3d 1123 (8th Cir. 1998)(quoting *Buckholz v. Rockwell Int'l Corp.*, 120 F.3d 146 (8th Cir. 1997).

insufficient to support an inference of pretext. *See Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104 (8th Cir. 1998)("Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment.")(citations omitted); *Palesch v. Missouri Com'n on Human Rights*, 233 F.3d 560 (8th Cir. 2000)(plaintiffs' general allegations and unsubstantiated opinion testimony were insufficient to raise a material fact issue as to pretext); *Davenport v. Riverview Gardens School Dist.*, 30 F.3d 940 (8th Cir. 1994)(unsubstantiated deposition testimony did not create genuine dispute on the issue of pretext or on the ultimate issue of intentional discrimination). "For a plaintiff to survive summary judgment, she must adduce enough *admissible* evidence to raise genuine doubt as to the legitimacy of a defendant's motive, even if that evidence does not directly contradict or disprove a defendant's articulated reasons for its actions." *Buettner v. Arch Coal Sales Co.*, Inc., 216 F.3d 707 (8th Cir. 2000)(emphasis added).

Further, as the Lake Hamilton Defendants point out in their motion for summary judgment, the only evidence Plaintiffs offer is a hearsay statement that would be inadmissible at trial. Plaintiffs have no evidence of alleged discriminatory intent of the Lake Hamilton Defendants. Plaintiffs cannot rely on affidavits based on hearsay to

12

defeat a motion for summary judgment. *See Cronquist, supra* at 920 (8th Cir. 2001)(citations omitted). Plaintiffs contend that the alleged statement by Mr. McGetrick[5] is not hearsay as Mr. McGetrick made the alleged statement as an agent of the Lake Hamilton Defendants and the statement is, therefore, an admission of a party-opponent.

Rule 801(d)(2)(D) of the Federal Rules of Evidence provides that statements made "by [a] party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" are deemed admissions by a party opponent and not hearsay. In order for the alleged statement to be an admission, therefore, Plaintiffs must show through evidence other than the statement itself either that Mr. McGetrick was authorized by the School Board to make the statement or that he was the School Board's agent and the statement concerned a matter within the scope of his employment, made while he was employed.

Plaintiffs offer no evidence that Mr. McGetrick was authorized by the School Board to act on its behalf or that

---

[5] Defendants assume, for purposes of their summary judgment motion that Mr. McGetrick actually made the alleged statement, therefore, no affidavit or testimony from Mr. McGetrick denying the statement was provided. Since the Court concludes the statement is inadmissible hearsay, this does not affect the Court's conclusions in this opinion. However, it is noted that Mr. McGetrick has denied making the statement in his motion to dismiss the Third Party Complaint. (Doc. 35).

13

the School Board had the right to control the manner and means of Mr. McGetrick's services. Further, there is no evidence that Mr. McGetrick was involved in the decision to reject Plaintiffs' bids. The Court finds that Mr. McGetrick was an independent contractor and had no authority to act on behalf of the School Board and his statement is therefore not excluded from the hearsay rule. *See Horton v. Rockwell International Corp.*, 93 F.Supp.2d 1048 (N.D. Iowa 2000). Further, it is unclear whether the alleged statement by Mr. McGetrick was that some or all of the School Board members actually stated that they did not hire Plaintiffs because Ms. England-Whaley is a female or whether Mr. McGetrick's alleged statement to Jay Whaley was Mr. McGetrick's own opinion that Ms. England-Whaley's gender was a factor in the decision not to hire Plaintiffs. Either way, the Court finds that the statement would be inadmissible at trial, and Plaintiffs have failed to provide evidence of intentional discrimination by the Board Members.[6]

The two-stage *Price Waterhouse* standard applies when

---

[6] When a witness is not an expert, his "testimony in the form of opinions or inferences is limited to those opinions and inferences, which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. 701. Plaintiff failed to demonstrate Mr. McGetrick's alleged statement was either.

14

direct evidence is produced that an illegitimate criterion played a motivating part in the employment decision. Once the plaintiff establishes such direct evidence, the burden then shifts to the employer to demonstrate by a preponderance of the evidence that the employer would have reached the same employment decision absent any discrimination. *See Cronquist*, 237 F.3d at 924.

Initially, the Court notes that Plaintiffs have presented no direct evidence of discrimination as the statement allegedly made by Mr. McGetrick to Jay Whaley is inadmissible hearsay. However, even if the statement should be admissible, Plaintiffs' claim still fails. Plaintiffs contend that Mr. McGettrick told Jay Whaley that "the Board...did not think [Ms. England-Whaley] was qualified to do the project because she was female. (Doc. 46, ¶3). It cannot be reasonably inferred from this statement alone, however, that Ms. England-Whaley's gender was a motivating factor in the decision to reject Plaintiffs' bid. This is because the evidence shows that none of the School Board members ever told Mr. McGetrick that Ms. England Whaley's gender was a motive for not accepting Plaintiffs' bid; Mr. Lewis never recommended Plaintiffs' bid to the Board for approval because based on the information provided by Plaintiffs, Mr. Lewis was not satisfied that Plaintiffs were qualified to complete the

15

project; and none of the School Board members knew that Whaley Construction's president was a woman at the time the bid was rejected.

Further, School Board members cannot be held personally liable for the rejection of Plaintiffs' bid as Mr. Lewis made the decision to not recommend Plaintiffs to the School Board for hiring. Therefore, the School Board members never received Plaintiffs' bid to approve or disapprove the hiring. *See Stalhut v. City of Lincoln*, 145 F.Supp.2d 1115 (Neb. 2001)(chief of police not personally liable for promoting female officer rather than male officer where male officer was eliminated from final consideration by his failure to receive any nominations as top candidate by the command staff). *See, also Reynolds v. Glynn County Bd. of Educ.*, 968 F.Supp. 696 (S.D. Ga. 1996)(members of county board of education were entitled to qualified immunity from liability in job applicant's claim under § 1983 resulting from their hiring decision, where they were not connected with selection committee's decision to cut applicant in first round, so that he was not among candidates they considered), aff'd, 119 F.3d 11 (11th Cir. 1997); *Hamilton v. Montgomery County Bd. of Educ.*, 122 F.Supp.2d 1273(school board member could not be held liable under §1983 for black applicant's non-selection as school's head basketball coach unless plaintiff could show a

causal connection between board member's discriminatory animus and superintendent's decision to recommend a different candidate); *Cardenas v. AT&T Corp.*, 245 F.3d 994 (8th Cir. 2001)(finding no liability on part of senior company official who signed the approval papers for promotions which were effectively made at a lower level. *Cf. Morse v. Southern Union Co.*, 174 F.3d 917 (8th Cir. )(company president's statements to supervisors, expressing a strong preference for younger employees, were sufficient evidence of intentional discrimination even though he was not involved in the decision to terminate the plaintiff's employment), cert dismissed, 527 U.S. 1059 (1999).

Since Plaintiffs have failed to show a causal connection between the School Board members' allegedly discriminatory remarks and the decision to reject Plaintiffs' bids, the defendants need not demonstrate that they would have made the same decision regardless of any discriminatory motives. Plaintiffs have failed to present a prima facie case for gender discrimination under either the *McDonnell Douglas* or *Price Waterhouse* tests. Therefore, Plaintiffs have failed to establish the violation of a constitutional right. Accordingly, the School Board members are entitled to qualified immunity against Plaintiffs' claims and Plaintiffs' claims against Separate Defendants Ralph Pinkerton, Gary

17

McGrew, Mark Curry, Don Henson and Don Smith in their individual capacities are DISMISSED.

**Official Capacity Claims**

As the Lake Hamilton Defendants point out in their brief, the claims against the individual board members in their official capacities are essentially claims against Lake Hamilton School District. *See Brandon v. Holt*, 469 U.S. 464 (1985). Therefore, Plaintiffs' official-capacity claims against Separate Defendants Ralph Pinkerton, Gary McGrew, Mark Curry, Don Henson and Don Smith are DISMISSED as redundant.

**Lake Hamilton School District**

To state a gender discrimination claim against the school district under the Equal Protection Clause pursuant to Section 1983, Plaintiffs must show implementation or execution of an unconstitutional policy or custom by school officials or employees. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531 (8th Cir. 1999). Municipalities and other bodies of local government can be held liable for the unconstitutional acts of its employees if a municipal policy or custom was the moving force behind the constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs contend the School Board members' decision to reject Plaintiffs' bids reflects a policy or custom on the part of Lake Hamilton School District. Further, Plaintiffs argue that

Lake Hamilton School District is liable as the alleged policy led to the alleged violation of Plaintiffs' constitutional rights.

Plaintiffs have offered no evidence that Lake Hamilton School District has a policy or custom of discriminating in employment on the basis of gender. In her deposition, Ms. England-Whaley testified that "several contractors" told her "it would be a waste of [her] time [to bid on the Lake Hamilton School District project] because [the school district] do[es] not award contracts to minority contractors.... (Doc. 27, Ex. I, p. 23). Ms. England-Whaley stated she could not provide any names of the contractors who told her that but it was "general scuttlebutt around the coffee shop." *Id*. at p. 24. The overwhelming evidence indicates that none of the Board members or Muriel Lewis knew that the President of Whaley Construction, Inc. was Lawana England-Whaley, a female, at any time throughout the bidding process for the project.

Accordingly, summary judgment as to Separate Defendant Lake Hamilton School District is GRANTED.

**McGetrick Defendants' Motion to Dismiss**

The McGetrick Defendants move to dismiss the Third Party Complaint filed against them by Defendants/Third Party Plaintiffs. The Third Party Complaint alleges a claim for

19

indemnification from the McGetrick Defendants should Plaintiffs receive a judgment against Defendants/Third Party Plaintiffs. As Plaintiffs' Complaint is being dismissed with prejudice, the basis for the Third Party Complaint no longer exists. Accordingly, the McGetrick Defendants' Motion to Dismiss (Doc. 34) is GRANTED and the Third Party Complaint is DISMISSED WITH PREJUDICE.

**Conclusion**

In conclusion, the Court finds Plaintiffs' official-capacity claims against Separate Defendants Ralph Pinkerton, Gary McGrew, Mark Curry, Don Henson and Don Smith are DISMISSED WITH PREJUDICE. Summary judgment is GRANTED as to Plaintiffs' individual-capacity claims against Separate Defendants Ralph Pinkerton, Gary McGrew, Mark Curry, Don Henson and Don Smith based upon qualified immunity. Summary judgment is GRANTED as to Plaintiffs' claims against Separate Defendant Lake Hamilton School District. Therefore, Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. Finally, Third Party Defendants' Motion to Dismiss is GRANTED and the Third Party Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 18th day of April, 2006.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge